## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAYOR AND CITY COUNCIL : | |
| OF CUMBERLAND : | |
| v. : | Civil No. CCB-05-2923 |
| MORER LEE : | |
| AND : | |
| BOARD OF COUNTY COMMISSIONERS : | |
| OF ALLEGANY COUNTY : | |

### **MEMORANDUM**

On or about May 17, 2005, the Mayor and the City Council of Cumberland, Maryland ("Cumberland"), filed a complaint in the Circuit Court for Allegany County, Maryland, seeking condemnation of property owned by Morer Lee. In addition to Lee, Cumberland named the Allegany County Board of Commissioners as a defendant. Lee removed this case to federal court on or about October 25, 2005, asserting that Cumberland had violated his rights under the Fifth and Fourteenth amendments to the United States Constitution. Cumberland, in turn, has filed a motion to remand this case to state court arguing that removal to this court was improper.[1] For the reasons that follow, I will grant Cumberland's motion to remand.

### **BACKGROUND**

Lee is the owner of a single-family home located at 230 Glenn Street in Cumberland, Maryland. Lee acquired this property from Andrew M. Cuomo, Secretary of Housing and Urban Development, on January 4, 2001. At the time of acquisition, Lee claims the property was

---

[1] The Circuit Court for Allegany County has held this proceeding in abeyance pending action by this court on Cumberland's motion to remand.

1

assessed at a value of $46,000, though he only paid $1,000 for the property. According to Lee, he has made substantial improvements to the property, totaling $7,800 to date.

Cumberland seeks to acquire the property through condemnation pursuant to § 2(37) of Article 23A of the Annotated Code of Maryland. This provision allows a municipal government to acquire, through condemnation, any single family or multiple family dwelling unit upon a finding that the property has deteriorated to the point that it "will contribute to the blighting or deterioration of the area immediately surrounding" the property. Md. Code Ann., Art. 23A, §2(37)(iv)(3). To that end, on May 17, 2005, the Mayor and the City of Cumberland passed Ordinance No. 3522, which found that Lee's property had deteriorated to the point that it "constitute[d] a serious and growing menace to the public health, safety, and welfare," and that the condition of the property "will contribute to the blighting and deterioration of the area immediately surrounding the property." Compl., Ex. A at 1-2. The ordinance also noted that Lee had not taken adequate measures to correct the deterioration, despite the fact that he had owned the property for more than four years. *Id.* Cumberland contends the acquisition of Lee's property – which will be removed or rehabilitated – will be for the benefit of the public.

Cumberland is required, by statute, to provide Lee "just compensation" for his property. Md. Code. Ann., Art. 23A, §2(37)(ii). Cumberland, however, has been unable to reach an agreement with Lee concerning the price. Cumberland retained "qualified, competent, and disinterested appraisers" to appraise Lee's property. Compl. ¶ 11. The appraisers valued the property at $8,000. Cumberland, in its Complaint, asserts that this is the amount it is willing to pay Lee. Lee, by contrast, contends that the property is worth far more than $8,000, based on his substantial investment in renovations and the increasing trend in real estate values. Def. Reply 2.

2

Lee also claims that Cumberland's appraisal was "unfair and un-professional [sic]," because the appraisers miscounted the number of rooms in the house and compared it to substantially dissimilar properties that are not in the vicinity of Lee's property. *Id.,* Ex. A at 1-2.

Lee, in defense, attempts to assert a takings claim, arguing that the compensation offered by Cumberland is unjust and, therefore, a violation of his Fifth Amendment rights. Lee, with little explanation, also claims that Cumberland's condemnation proceedings violated his due process rights under the Fourteenth Amendment.[2]

## ANALYSIS

Cumberland asserts that this case should be remanded to state court pursuant to 28 U.S.C. § 1447(c) because this court lacks subject matter jurisdiction. *See* Fed. R. Civ. Proc. 12(b)(1). The federal district courts are courts of limited jurisdiction. The party asserting the court's jurisdiction has the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In reviewing a Fed. R. Civ. P. 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a Rule 12(b)(1) motion "if the material jurisdictional facts

---

[2] Lee also filed third-party claims against Andrew M. Cuomo, former Secretary of the U.S. Department of Housing and Urban Development ("HUD"); Robert S.T. Johnson, a lawyer from Lawyers Advantage Inc. who facilitated Lee's acquisition of the property; and George Chaney, a realtor with Re/Max Legend Realtors, Inc. who also facilitated the sale. Lee claims these parties negligently sold him a house that was a growing menace to the public health, safety, and welfare, and misled Lee about the condition and value of the property. There is no indication on the docket that any of these additional parties have been served. In any event, the naming of these third-party defendants does not confer jurisdiction on this court.

are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d at 647.  When the jurisdictional facts are intertwined with questions of law, however, it may be appropriate to resolve the entire factual dispute at a later proceeding on the merits.  *See United States v. North Carolina*, 180 F.3d 574, 580-81 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Bryant v. Clevelands, Inc.*, 193 F.R.D. 486, 488 (E.D. Va. 2000).

Lee, in his Notice of Removal, invokes diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which grants the district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  The statute has been interpreted to require complete diversity of the parties, meaning that each plaintiff must be a citizen of a different state from each defendant.  *See Dewhurst v. Telenor Invest AS,* 83 F.Supp.2d 577, 595 (D.Md. 2000) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).  Cumberland argues that there is no diversity jurisdiction in this case because plaintiff Cumberland is a body politic and citizen of the State of Maryland, and so is defendant Allegany County Board of Commissioners (the "Board").

Lee alleges that his co-defendant was fraudulently joined solely to defeat removal of the case to federal district court.  As the Fourth Circuit has explained, a removing defendant seeking to show fraudulent joinder "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (*quoting Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.

4

1993) (emphasis in original)). There is no outright fraud because Lee does not, and could not, allege that the Board is not a citizen of the State of Maryland. It appears unlikely, however, that Cumberland could establish a cause of action against Lee's co-defendant in state court. In its answer to Cumberland's complaint, the Board stated "that it does not object to the relief being prayed by the plaintiff," and requested that the court award Lee's house to the plaintiff. Indeed, while Cumberland asserts that the Board "is an indispensable and necessary party to Plaintiff's action," Mot. Remand 2, Cumberland never identifies the relief it seeks from the Board.

It is not necessary to resolve the fraudulent joinder issue, however, because as Cumberland also contends, Lee has not satisfied the "amount-in-controversy" requirement. Lee must establish that it does not appear to a legal certainty that his claim for relief is less than $75,000. *Gonzalez v. Fairgale Properties Co., N.V.*, 241 F.Supp.2d 512, 517 (D.Md. 2002) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); 15 *Moore's Federal Practice* §§ 102.106(1), 102.107(1) (3d ed. 2002)). Lee is unable to meet this burden. In this condemnation action, the amount in controversy is the just compensation Cumberland must pay Lee for his property. Lee paid $1,000 for the property in 2001. The appraisal submitted by Cumberland shows that Lee's property is now worth only $8,000. Assuming *arguendo* Lee is correct that Cumberland's appraisal undervalues the property, Lee's only estimate of the value of the property is an unsubstantiated HUD estimate from four years ago that valued the property at $46,000. Even taking into account the $7,800 in improvements Lee allegedly made to the property, there is no evidence that its value would now exceed the $75,000 amount-in-controversy requirement. Indeed, notably lacking from Lee's reply is an independent appraisal establishing the value of the property in excess of $75,000.

Lee also maintains there is federal question jurisdiction under 28 U.S.C. § 1331, which grants the district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Lee argues that Cumberland seeks to condemn his property without offering just compensation, in violation of his Fifth Amendment rights, and that Ordinance No. 3522 violated his due process rights under the Fourteenth Amendment. Lee's possible defenses relating to the condemnation of his property, however, do not convert this case into one arising under 28 U.S.C. § 1331. The Fourth Circuit has held that "[q]uestions arising from the taking of property by condemnation for state purposes, are ordinarily matters for determination by the state courts." *Baldwin v. Appalachian Power Co.,* 556 F.2d 241, 242 (4th Cir. 1977) (citing *Dixon v. West Virginia Univ. Bd. of Governors,* 427 F.2d 12, 13 (4th Cir. 1970)); *see also Ballard Fish & Oyster Co. v. Glaser Const. Co.,* 424 F.2d 473, 475 (4th Cir. 1970). Accordingly, Lee's assertion of federal question jurisdiction is without merit.

Finally, Lee argues that Cumberland's Motion for Remand is untimely, because it was not filed within 30 days of notice of removal. *See* 28 U.S.C. § 1447(c). The statute, however, only imposes the 30-day period on motions to remand based on procedural defects. Where, as here, the defect is not one of mere procedure, but goes to the court's subject matter jurisdiction, there is no time limit on the motion to remand. *Id.*

For the foregoing reasons, I will remand this case to the Circuit Court for Allegany County.

A separate order follows.

| | |
|---|---|
| _May 15, 2006_ <br> Date | _/s/_ <br> Catherine C. Blake <br> United States District Judge |